**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**SHAWN M. KESLING,**

    Petitioner,

v.                                                **Case No. 1:20cv143-AW/MAF**

**STATE OF FLORIDA,**

    Respondent.

_____/

## **REPORT AND RECOMMENDATION**

On or about June 16, 2020, Petitioner Shawn M. Kesling, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  On December 17, 2020, Respondent filed an answer, with exhibits.  ECF No. 12.  Petitioner has not filed a reply, although he was given the opportunity to do so.  *See* ECF Nos. 19, 22, 24.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter.  *See* Rule 8(a), R. Gov. § 2254 Cases.  For the reasons stated herein, the pleadings and attachments before the Court show Petitioner is not entitled to habeas relief and his petition should be denied.

**Procedural Background**

Under the supervision of Idaho state authorities, pursuant to the Interstate Compact, Petitioner Shawn M. Kesling was serving a Florida probation sentence, imposed by the Eighth Judicial Circuit in and for Alachua County, in case number 2007-CF-4206A, when he committed new offenses in Ada County, Idaho, in 2017. ECF No. 1; Ex. A at 11.[1] The State of Idaho charged him, in Ada County Case 2017-16283, and he was convicted and sentenced to prison in the Idaho Department of Corrections (IDOC). *See* Ex. A at 2-3, 7; ECF No. 1. Because of the Idaho offenses, Florida officials filed a probation violation report and a warrant was issued February 12, 2018, for violation of probation. Ex. A at 13-14. As a result, the Florida Department of Corrections (FDOC) placed a detainer with IDOC to hold Kesling. *Id*.; Ex. B at 34. According to the IDOC, Kesling's "sentence satisfaction date" is May 12, 2031. Ex. B at 34; *see* www.idoc.idaho.gov/content/prisons.

On August 16, 2018, Kesling mailed a "Motion to Quash Warrant or In the Alternative Motion to Compel State to Produce Defendant," to the Alachua County Circuit Court. Ex. B at 28-32. In this motion, Kesling asked the court "to quash the pending warrant for violation of probation" or "issue

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's answer, ECF No.12.

Case No. 1:20cv143-AW/MAF

an order compelling the State" to produce Kesling "so that the allegation(s) against him may be disposed of forthwith." *Id*. at 28.  Kesling explains that, for his Idaho offenses, he "was sentenced to a fixed term of 4 (four) years of incarceration, followed by an indeterminate period of 10 (ten) years imprisonment, for a period not to exceed 14 (fourteen) years." *Id*. at 29.  He further explains that, absent the Florida warrant and detainer, he "would be classified as a minimum custody inmate" with the IDOC and, as such, he "would be eligible for placement at a minimum custody facility," allowed "to work outside of the facility, and "even allow[ed] placement at a community work center, the IDOC equivalent to 'work release.'" *Id*.  He states he would also "be able to participate in programs designed to provide improved social skills, as well as tools to reduce recidivism." *Id*.  Kesling therefore moved the court to quash the warrant or, in the alternative, compel the State to produce him "for disposition of the pending VOP proceedings" at the court's "soonest available opportunity." *Id*. at 31.

By order on August 27, 2018, the Alachua County Circuit Court denied Kesling's motion.  Ex. B at 36-37.  The court explained that "[a] Warrant was issued . . . on February 12, 2018 for violation of probation" and "[t]he Defendant has not been arrested on these charges." Ex. B at 36.  The court further explained:

    b.    The Florida Statutes nor the Florida Rules of Criminal Procedure "afford any relief to a prisoner against whom a detainer has been lodged but who has not been arrested for violation of probation." Saunders v. State, 837 So. 2d 433, 433 (Fla. 2d DCA 2002). Furthermore, "there is no mechanism by which [Defendant] can force [the Court] to dispose of the violation of probation while s/he is in prison on other charges." Burgess v. State, 913 So. 2d 1253, 1253 (Fla. 2d DCA 2005).

    c.    When the Defendant is released from the Department of Corrections custody, the process will be executed and the Defendant shall be transported from the Correctional Institution to Alachua County, Florida on outstanding warrant(s), notwithstanding holds from other jurisdictions.

*Id*.

Kesling appealed the order to the First District Court of Appeal (First DCA), assigned case number 1D18-3875. Ex. B at 38-41; *see* Ex. C. By order on January 8, 2019, the First DCA dismissed the case because Kesling had not responded to an order directing him to show cause why the appeal should not be dismissed as the order did not appear to be a final order or an appealable non-final order. Ex. C at 3. Kesling sought to have the appeal reinstated, but the First DCA denied his motion on April 22, 2019. *Id*.

Kesling then filed a petition for writ of mandamus in the Florida Supreme Court, assigned case number SC19-1741. Ex. D. On October 31, 2019, the Florida Supreme Court transferred the case to the First DCA, where it was assigned case number 1D19-3961. *Id*.; Ex. E. Kesling filed an

amended petition on or about November 8, 2019, in the First DCA. Ex. F; *see* Ex. E. On February 27, 2020, the First DCA denied the petition on the merits, citing <u>Saunders v. State</u>, 837 So. 2d 433 (Fla. 2d DCA 2002). Ex. G.

As indicated above, on or about June 16, 2020, Kesling filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. In his petition, Kesling challenges the detainer lodged against him in Alachua Circuit Court Case 1-2007-CF-4206A. *See id*.; ECF No. 4 at 1. He raises four grounds in this challenge:

(1) Section 948.06, Florida Statutes, and Florida Rule of Criminal Procedure 3.790 violate the Fifth and Sixth Amendments of the U.S. Constitution, thus rendering the detainer invalid. ECF No. 1 at 6.

(2) "The Agent's warrant served upon Mr. Kesling was the functional equivalent to a warrantless arrest as set forth is § 948.06(1)(a) and therefore the continued placement of the detainer without further action deprived Mr. Kesling of Due Process under the Fifth and Fourteenth Amendments of the United States Constitution." *Id*.

(3) Section 948.06(1)(a) "is unconstitutionally vague or ambiguous depriving Mr. Kesling of due process under the Fifth and Fourteenth Amendments of the United States Constitution, thus rendering the detainer placed against Mr. Kesling invalid." *Id*.

(4) "The constitutional protections in a violation of probation proceeding attached at the time the warrant was issued against Mr. Kesling in conjunction with Mr. Kesling's right to due process under the Fifth and Fourteenth Amendments to the Constitution of the United States, thus rendering the indefinite placement of the detainer unconstitutional." *Id*. at 7.

On December 17, 2020, Respondent filed an answer, with exhibits. ECF No. 12. Petitioner has not filed a reply, although he was given the opportunity to do so. See ECF Nos. 19, 22, 24.

On July 20, 2022, this case was reassigned to the undersigned United States Magistrate Judge. ECF No. 15.

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus. See United States v. Hayman, 342 U.S. 205 (1952). The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." As noted in Hayman, generally prisoners must bring habeas corpus applications in the district of confinement. 342 U.S. at 213. Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28. See id. at 212-14, 218; *see also* Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999).

The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement. *See* McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017); Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351-52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally imposed sentence). Thus, § 2241 provides an avenue for challenges to matters such as the administration of sentences or parole, prison disciplinary actions, prison transfers, and certain types of detention. *See* Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is matter for habeas corpus). *See also, e.g.*, Moody v. Holman, 887 F.3d 1281, 1287 (11th Cir. 2018) (affirming dismissal of § 2241 petition challenging "Alabama's wrongful

retention" of Moody despite federal detainer and explaining, among other things, "a person who has violated the laws of two sovereigns cannot choose (or have a federal court direct) which sentence he serves first, as long as the first sovereign consents to have the second sovereign take custody").

In his § 2241 petition, Kesling seeks to have the Florida state court detainer removed and the pending VOP proceedings dismissed "as a result of the aforementioned constitutional violations." ECF No. 1 at 7. Although Kesling is confined in Idaho, serving an Idaho sentence, his dispute is with state authorities in Florida, regarding the VOP detainer. Accordingly, his petition is properly brought in Florida. *See* Braden v. 30th Judicial Cir. Ct. of Kentucky, 410 U.S. 484, 498-99 (1973). *See also* Maddox v. Cummins, No. 4:08cv250-RH/WCS, 2009 WL 5063013 at *2 (N.D. Fla. Dec. 15, 2009) (Order of district judge adopting Report and Recommendation to dismiss habeas petition and explaining, in pertinent part, with a citation to Braden, "Although Petitioner is confined in Alabama, his dispute is with authorities in Florida, in lodging the probation violation detainer. The petition is properly brought in Florida.").

Respondent answers that (1) Kesling's petition is untimely and should be dismissed, and (2), if not untimely, the petition should be denied on the merits. ECF No. 12 at 5-6. Petitioner has not filed a reply.

## Timeliness

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), there is a one-year limitations period for filing a federal habeas petition. 28 U.S.C. § 2244(d)(1); *see, e.g.*, Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004). The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Later dates which may commence the period are the date on which an unconstitutional impediment that prevented the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence. *Id*. § 2244(d)(1)(B)-(D). The period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id*. § 2244(d)(2). The period may be equitably tolled, but "only if a petitioner establishes both extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, the relevant subsection for commencement of the limitations period is (d)(1)(D), which provides the petition must be filed within one year of "the date on which the factual predicate of the claim or claims

presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).  As Respondent indicates, the Idaho DOC served the Florida detainer on Kesling on February 22, 2018, as reflected by Kesling's signature.  Ex. B at 34.  Thus, as of that date, Kesling knew of the factual predicate of his challenge to placement of the detainer, starting the one-year AEDPA limitations period.  He had one year thereafter, or until February 22, 2019, to file his federal habeas petition, absent tolling activity.  *See, e.g.*, Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis).

On August 16, 2018, Kesling filed his "Motion to Quash Warrant," 175 days into the limitations period.  Ex. B at 28-32.  The limitations time stopped during the pendency of those proceedings, arguably through April 22, 2019, when the First DCA declined to reinstate Kesling's appeal from the denial of his motion.  Ex. C.  It resumed April 23, 2019, and ran for another 163 days until October 2, 2019, when Kesling filed his petition for writ of mandamus in the Florida Supreme Court.  Ex. D.  It remained tolled through February 27, 2020, when the First DCA denied the petition.  Ex. G.  At this point, only 27 days remained in the limitations period, and more than 100 days passed

before Kesling took any additional action. Thus, by the time Kesling submitted his next filing, this § 2241 petition, on June 16, 2020, the limitations period had expired. Accordingly, as Respondent asserts, Kesling's petition is untimely and may be dismissed on that basis.

## Merits

Assuming the petition is not dismissed as untimely, Kesling has not shown entitlement to federal habeas relief. Regarding detainers, the U.S. Supreme Court has explained:

> The Interstate Agreement on Detainers (Agreement) is a compact among 48 States, the District of Columbia, Puerto Rico, the Virgin Islands, and the United States. . . . The Agreement is a congressionally sanctioned interstate compact within the Compact Clause, U.S. Const., Art. I, § 10, cl. 3, and thus is a federal law subject to federal constructions. Cuyler v. Adams, 449 U.S. 433, 438-42 . . . (1981).
>
> A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when the release of the prisoner is imminent. *See id*. at 436 n.3 . . . . Detainers generally are based on outstanding criminal charges, outstanding parole or probation-violation charges, or additional sentences already imposed against the prisoner.

Carchman v. Nash, 473 U.S. 716, 719 (1985).

In Carchman, the Court concluded that "from the language of the Agreement . . . a detainer based on a probation-violation charge is not a detainer based on 'untried indictment, information or complaint,' within the

Case No. 1:20cv143-AW/MAF

meaning of Art. III," *id*. at 726, and the Agreement does not apply to probation revocation detainers, *id*. at 734.  *See* § 941.45, Fla. Stat. (codifying Interstate Agreement on Detainers Act).  Thus, Article III of the Interstate Agreement on Detainers Act, establishing a procedure for a prisoner held in one party state to demand speedy disposition of untried charges from another party state on charges lodged as a detainer, does not apply to VOP detainers. Carchman, 473 U.S. at 727-28.  Further, a prisoner incarcerated for a crime committed while on parole or probation "has been deprived of no constitutionally protected rights simply by issuance of a parole [or probation] violator warrant" and is not entitled to "an adversary parole [or probation] hearing until he is taken into custody as a parole [or probation] violator by execution of the warrant."  Moody v. Daggett, 429 U.S. 78, 89 (1976).

Similarly, in Saunders, the case cited by the state courts, the Second DCA denied a writ of prohibition brought by an inmate, serving a sentence for a crime he committed while on probation, alleging the trial court lacked jurisdiction over a VOP pending against him and seeking dismissal of the VOP affidavit and the related detainer.  Saunders v. State, 837 So. 2d 433 (Fla. 2d DCA 2002).  The court explained its decision:

> Although we are sympathetic to Mr. Saunders' situation, we deny the petition because we know of no mechanism by which he can force the trial court to timely dispose of the violation of probation nor does the trial court's failure to have done so

> deprive it of jurisdiction. Neither the speedy trial rule nor the Interstate Agreement on Detainers applies to a violation of probation. See Gonzalez v. State, 447 So. 2d 381 (Fla. 3d DCA 1984); Irby v. State, 427 So. 2d 367 (Fla. 2d DCA 1983). Nor does the probation statute afford any relief to a prisoner against whom a detainer has been lodged but who has not been arrested for the violation of probation. See § 948.06(4), Fla. Stat. (2001) (providing that a probationer who has been arrested for a violation of probation shall be given a hearing as soon as practicable).

Id.

Petitioner Kesling has not shown a constitutional or federal law violation regarding the placement of the detainer. Although strictly speaking, as explained above, Kesling's federal habeas challenge appears untimely, he has no constitutional right to have his Florida VOP detainer resolved prior to completion of his Idaho sentence. See Carchman, 473 U.S. at 731 n. 10 ("This Court has never held . . . that a prisoner subject to a probation-violation detainer has a constitutional right to a speedy probation-revocation hearing."); Moody, 429 U.S. at 89 ("[W]ithout regard to what process may be due petitioner before his parole may be finally revoked, we hold that he has been deprived of no constitutionally protected rights simply by issuance of a parole violator warrant."); Maddox, No. 4:08cv250-RH/WCS, 2009 WL 5063013 at *2 ("The failure to hold a hearing or resolve the detainer for violation of Petitioner's Florida probation, while he is still serving his Alabama sentence, does not state a violation of due process for federal law."). See

*also* Jauregui v. United States, No. 4:14cv665-MW/CAS, 2015 WL 248411 (N.D. Fla. Jan. 20, 2015) (Order of district judge adopting Report and Recommendation to deny § 2241 petition which sought to have federal detainer resolved while petitioner served state sentence, explaining petitioner did not have right to challenge detainer until he was in custody).

As the state court explained, a warrant was issued but Kesling has not yet been arrested on the VOP charges. Ex. B at 36. Kesling does not have the right to challenge the detainer, or the VOP proceedings, until he is being held in custody on that warrant, and the probation statute, section 948.06, Florida Statutes, does not provide any relief until that point. *Id*.; *see* Saunders, 837 So. 2d at 433; Jauregui, No. 4:14cv665-MW/CAS, 2015 WL 248411 at *4-5; Maddox, No. 4:08cv250-RH/WCS, 2009 WL 5063013 at *2.

Moreover, contrary to the argument in Ground 1 of the petition, section 948.06, Florida Statutes, and Rule 3.790 do not violate the Fifth and Sixth Amendments. *See, e.g.*, Bonner v. State, 866 So. 2d 163, 165 (Fla. 5th DCA 2004) (affirming denial of petition for habeas corpus, explaining "[t]he remedies sought by Bonner in this case are premature and inappropriate": "Both Florida Rule of Criminal Procedure 3.790(b) and section 948.06(1), Florida Statutes, contemplate that a probationer be given an opportunity to be heard 'as soon as practicable,' on his or her VOP, but they contemplate

the arrest of the probationer and his or her return to the court which granted the probation." (footnote omitted)).  The detainer is not invalid on this basis.

Contrary to the argument Kesling raises in Ground 2, the warrant was not "the functional equivalent to a warrantless arrest." ECF No. 1 at 6.  *See, e.g.*, Bonner, 866 So. 2d at 164 ("A detainer is a request by a criminal justice agency filed with an institution in which a prisoner is incarcerated, asking it to either hold the prisoner for the agency or to notify the agency when the prisoner's release is imminent.  A detainer is not an arrest, which may trigger a quick disposition of VOP charges." (citation omitted)); Diaz v. State, 737 So. 2d 1203, 1204 (Fla. 5th DCA 1999) ("An arrest triggers the probationer's right to be brought before the court which placed him on probation, and to a timely hearing in the event a violation is disputed.  Simply filing a detainer against a person incarcerated in prison on another criminal case is insufficient.").  The continued placement of the detainer does not deprive him of due process under the Fifth and Fourteenth Amendments of the U.S. Constitution, and the detainer is not invalid on this basis.

Contrary to the argument Kesling raises in Ground 3, section 948.06(1)(a), Florida Statutes, is not unconstitutionally vague or ambiguous. ECF No. 1 at 6.  *See* Carchman, 473 U.S. at 726-34; Bernhardt v. State, 288 So. 2d 490 (Fla. 1974).  The detainer is not invalid on this basis.

Finally, contrary to the argument in Ground 4, and as explained above, placement of the detainer is not unconstitutional as a violation of his right to due process under the Fifth and Fourteenth Amendments of the U.S. Constitution. *See, e.g.*, Gethers v. State, 838 So. 2d 504, 507 (Fla. 2003) (explaining that "[a] detainer may be lodged by a prosecutor or law enforcement officer and can last indefinitely," citing United States v. Mauro, 436 U.S. 340, 358 (1978).). Once Kesling is arrested on the warrant, he will receive a hearing on the VOP charges, as provided in section 948.06, Florida Statutes, and as explained, *supra*. *See, e.g.*, Chapman v. State, 910 So. 2d 940, 942 (Fla. 5th DCA 2005) ("A probationer is only entitled to be heard on a violation of probation after his arrest and return to the court which granted the probation."); Bonner, 866 So. 2d at 164-65; Diaz, 737 So. 2d at 1204.

Based on the foregoing, if the petition is considered on the merits, Kesling has not shown a constitutional or federal law violation. Accordingly, his federal habeas petition should be denied. *See, e.g.*, Jauregui, No. 4:14cv665, 2015 WL 248411 at *5.

## Conclusion

Petitioner Kesling is not entitled to federal habeas relief. His petition, ECF No. 1, is untimely and may be **DISMISSED** on that basis. If the petition

is not dismissed as untimely, it is respectfully **RECOMMENDED** that the petition, ECF No. 1, be **DENIED**.

### Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** the § 2241 petition (ECF No. 1).

**IN CHAMBERS** at Tallahassee, Florida, on February 7, 2023.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**